# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA
# SOUTHERN DIVISION

| | |
|---|---|
| FRANK THUNDER HAWK-GALLARDO, Plaintiff, vs. SGT. WENDLING, DRE RED FEATHER, Defendants. | 4:17-CV-04001-KES<br><br>ORDER GRANTING MOTION TO AMEND |

Frank Thunder Hawk-Gallardo is an inmate at the Pennington County Jail in Rapid City, South Dakota. He filed a pro se civil rights lawsuit under 42 U.S.C. § 1983, Docket 1, and defendants answered. Docket 23. Gallardo now moves to amend his complaint. Docket 25.

Under the Federal Rules of Civil Procedure, Gallardo may amend his complaint once as a matter of course within 21 days after service of defendants' answer. Fed. R. Civ. P. 15(a)(1)(B). His proposed amended complaint, however, does not substantially alter his claims; he merely seeks to add claims against three new defendants. Therefore, even though Gallardo amends his complaint, the court's analysis in its previous order, Docket 11, continues to apply and the court will not repeat it. The court will respond to Gallardo's claims against the new defendants.

In his proposed amended complaint, Gallardo seeks to add two defendants in their supervisory capacities. First, he names U.S.A. Ink as a

defendant because "it is responsible for all of its political subdivisions and/or agencies[.]" Docket 25-1 at 2. He also seeks to add Darin Young as a defendant because "he is responsible for the safety and security of everyone" in the Jameson Annex. *Id.*

"[V]icarious liability is inapplicable to § 1983 suits[.]" *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). A supervisor's liability must be based on his or her own "deliberate indifference or tacit authorization." *Grayson v. Ross*, 454 F.3d 802, 811 (8th Cir. 2006) (quoting *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994)). Gallardo adds U.S.A. Ink and Young only because they are responsible for the actions of others, not because of their own actions. He makes no factual allegations concerning their actions. Therefore, Gallardo fails to state a claim against these two defendants, and his claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[1]

Gallardo also seeks to name the State of South Dakota as a defendant. "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent." *Dig. Recognition Network, Inc. v. Hutchinson*, 803 F.3d 952, 956 (8th Cir. 2015) (citation omitted). The Supreme Court has ruled that § 1983 does not abrogate

---

[1] To the extent Gallardo seeks to raise a claim against the United States, he fails to state a claim upon which relief may be granted because the "United States is immune from suit unless it consents[,]" and it has not consented here. *Hart v. United States,* 630 F.3d 1085, 1088 (8th Cir. 2011).

a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Therefore, Gallardo fails to state a claim against South Dakota, and this claim is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Thus, it is ORDERED

1. Gallardo's motion to amend (Docket 25) is granted.
2. The clerks office shall refile Docket 25-1 as Gallardo's amended complaint.
3. Gallardo fails to state a claim upon which relief may be granted against U.S.A. Ink, Darin Young, and the State of South Dakota. They are dismissed without prejudice as defendants.
4. If they wish to amend or supplement their answer, remaining defendants must do so by July 7, 2017.

Dated June 16, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE