# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA
# SOUTHERN DIVISION

| | |
|---|---|
| FRANK THUNDER HAWK-GALLARDO, <br><br> Plaintiff, <br><br> vs. <br><br> JEREMY WENDLING, <br><br> Defendant. | 4:17-CV-04001-KES <br><br><br> ORDER |

Frank Thunder Hawk-Gallardo is an inmate at the Pennington County Jail in Rapid City, South Dakota. He filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 28. Thunder Hawk-Gallardo now moves the court to appoint counsel for him and to grant him discovery. Dockets 30 and 31. Defendant, Jeremy Wendling, moves this court for a protective order. Docket 32.

Thunder Hawk-Gallardo requests counsel. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing,* 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Id.* Thunder Hawk-Gallardo's claims are not complex, and

he appears able to adequately present his § 1983 claims at this time. Therefore, his motion for appointment of counsel is denied.

Wendling moves the court to enter a protective order. Under Rule 26(c), "the court has discretion to stay discovery on other issues until the critical issue has been decided." 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure § 2040* (3d ed.). A stay of discovery is within the district court's discretion and is reviewed by the appellate court for an abuse of that discretion. *Steinbuch v. Cutler*, 518 F.3d 580, 588 (8th Cir. 2008) (citing *Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 713 (8th Cir. 2003)); *see also Maune v. Int'l Bhd. of Elec. Workers*, 83 F.3d 959, 963 (8th Cir. 1996) (upholding the district court's granting of a party's request to stay discovery). The United States Supreme Court has held that "the driving force behind the qualified immunity doctrine was a desire to insure that insubstantial claims against government officials [will] be resolved prior to discovery." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Because the qualified immunity issue may be dispositive, the court grants Wendling's motion to stay discovery. Because the motion to stay is granted, Thunder Hawk-Gallardo's motion for discovery is denied as moot.

Thus, it is ORDERED

1. Thunder Hawk-Gallardo's motion to appoint counsel (Docket 30) is denied.

2. Defendant's motion for protective order (Docket 32) is granted. Discovery will be stayed until the court determines the issue of

qualified immunity. If summary judgment is denied, the stay of discovery will be lifted.

3. Defendant must file his motion for summary judgment by December 1, 2017.

4. Thunder Hawk-Gallardo's motion to request discovery (Docket 31) is denied as moot.

Dated October 19, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE